NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-3479

_____

In re: GRAND JURY SUBPOENA

ABC Company,
                                                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 3-16-mc-00222
District Judge: The Honorable Malachy E. Mannion

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 23, 2017

Before: SMITH, *Chief Judge*, JORDAN, and ROTH, *Circuit Judges*

(Filed: June 16, 2017)
_____

OPINION*
_____

SMITH, *Chief Judge.*

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

This case involves the application of the crime-fraud exception to the attorney-client and work-product privileges in the context of an ongoing grand jury investigation. ABC Company retained Law Firm to perform legal services related to ABC Company's administrative appeal of a Management and Occupancy Review ("MOR") conducted by the Department of Housing and Urban Development ("HUD").[1] As part of its appeal, ABC Company submitted a response ("MOR Response") to HUD. The grand jury issued a subpoena broadly seeking Law Firm's communications, documents, and member identities related to Law Firm's representation of ABC Company in the MOR appeal. ABC Company filed a motion to quash the subpoena, asserting attorney-client and work-product privileges. The District Court concluded that the crime-fraud exception to those privileges applied and denied ABC Company's motion to quash. Because the record fails to provide a "reasonable basis" to support application of the crime-fraud exception, we will vacate the District Court's denial of the motion to quash and remand for further proceedings consistent with this opinion.

---

[1] We use pseudonyms to refer to the grand jury subjects to protect the secrecy of the grand jury investigation and the anonymity of its subjects.

# I

In September 2013, HUD performed a MOR at an apartment complex operated by ABC Company to assess the overall quality of management services provided by ABC Company. HUD provided ABC Company with a report on the results of the MOR in October 2013, and the report contained an overall rating of "Unsatisfactory." Of particular note, the MOR report observed,

> The security cameras at buildings 308 and 328 were not functioning and the wiring was disconnected from the computer. In addition, Management stated that the security camera system as a whole, was not working. Management is in the process of obtaining a contractor to make necessary repairs and is obtaining bids to upgrade the security system for all buildings.

JA73.

After receiving the results of the MOR, ABC Company retained Law Firm to assist with responding to the MOR report. ABC Company, not Law Firm, then sent a response to HUD contesting the results of the MOR. Countering the MOR report's observation about the security cameras, ABC Company rejoined:

> The statement of this condition is not accurate. The camera systems in Buildings 308 and 328 were working, and the wiring was not disconnected from [the] computer. The cameras, recording equipment and computer were not viewed by HUD during the MOR; HUD was accompanied by Management at all times. Secondly, it is a wireless system and does not have wires to be disconnected. In addition, Management never made a statement that the security camera system [was] not working.

3

JA93. This section of the MOR Response relating to the security cameras also included an unsigned letter titled "CCTV System." JA108. The letter stated, "As per our conversation this morning regarding the cameras at buildings 308 (400) and 328 (600). Both buildings were recording when we visited them with the police in August of 2013." *Id.* According to an affidavit filed by ABC Company lawyers (produced after a review of Law Firm's communications), ABC Company did not send this letter to Law Firm prior to submitting the MOR Response to HUD.

On March 10, 2016, a grand jury issued a subpoena seeking fee arrangements, communications, documents, and Law Firm member identities related to Law Firm's work assisting ABC Company. On June 2, 2016, ABC Company filed a sealed motion to quash directed at the subpoena. Briefing on the motion from the Government suggested that HUD's Office of Inspector General ("OIG") performed an investigation of ABC Company's MOR Response. According to the Government's brief, the OIG investigation revealed that the MOR Response "contained numerous misleading and false statements." JA58. Also through its brief, the Government claimed that the OIG investigation included an interview with the purported author of the "CCTV System" letter, in which the author "indicated that he did not author the letter submitted in the MOR

4

[Response], nor authorize anyone to prepare such a letter to be included therewith." JA59. The Government's brief finally stated that the investigation determined that ABC Company used Law Firm "in order to assist it in the preparation of the MOR response submitted to HUD." *Id.*

Based on those assertions in the Government's brief, the District Court concluded that a reasonable basis existed "to suspect that [ABC Company] used the legal advice and the work-product it obtained from [Law Firm] regarding its response to further its criminal scheme to dupe HUD's auditors . . . ." JA15. It therefore held the crime-fraud exception applied to the privileges claimed by ABC Company and denied ABC Company's motion to quash.

II

The District Court had jurisdiction under 18 U.S.C. § 3231 because this case involves an offense against the laws of the United States.

"When a district court orders a witness—whether a party to an underlying litigation, a subject or target of a grand jury investigation, or a complete stranger to the proceedings—to testify or produce documents, its order generally is not considered an immediately appealable 'final decision[ ]' under § 1291." *In re Grand Jury*, 705 F.3d 133, 142 (3d Cir. 2012) (alteration in original). Under *Perlman v. United States*, 247 U.S. 7 (1918), however, "a privilege holder may

5

immediately appeal an adverse disclosure order when the privileged information is controlled by a 'disinterested third party who is likely to disclose that information rather than be held in contempt for the sake of an immediate appeal.'" *In re Grand Jury Subpoena*, 745 F.3d 681, 686–87 (3d Cir. 2014) (quoting *In re Grand Jury*, 705 F.3d at 138). Here, Law Firm is a disinterested third-party controlling ABC Company's privileged information, and the District Court ordered disclosure of that information. Under the *Perlman* exception, we therefore have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

## III

"We review legal conclusions—such as the amount of proof required to apply the crime-fraud exception—de novo." *In re Grand Jury*, 705 F.3d at 153 n.18 (citing *In re Impounded*, 241 F.3d 308, 312 (3d Cir. 2001)). "We review the District Court's decision that 'there is sufficient evidence of a crime or fraud to waive the attorney-client privilege' [or the work-product privilege] for 'abuse of discretion.'" *Id.* at 155 (quoting *In re Impounded*, 241 F.3d at 318). Finally, the factual determinations underlying the District Court's decision regarding application of the crime-fraud exception are reviewed for clear error. *See id.* (citing *In re Impounded*, 241 F.3d at 312).

6

IV

ABC Company has invoked two privileges in response to the grand jury's

subpoena: attorney-client and work-product. "The attorney-client privilege

protects from disclosure confidential communications made between attorneys and

clients for the purpose of obtaining or providing legal assistance to the client." *Id.*

at 151 (citing *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 359 (3d Cir. 2007)).

By comparison, the work-product privilege "protects from discovery materials

prepared or collected by an attorney 'in the course of preparation for possible

litigation.'" *In re Grand Jury Investigation*, 599 F.2d 1224, 1228 (3d Cir. 1979)

(quoting *Hickman v. Taylor*, 329 U.S. 495, 505 (1947)).

Those privileges, though, are not absolute. *In re Grand Jury*, 705 F.3d at

151. One exception to both privileges is the crime-fraud exception. *See United*

*States v. Zolin*, 491 U.S. 554, 562–63 (1989) (observing that the attorney-client

privilege "ceases to operate at a certain point, namely, where the desired advice

refers not to prior wrongdoing, but to future wrongdoing" (alterations and citations

omitted)); *In re Grand Jury Proceedings*, 604 F.2d 798, 802 (3d Cir. 1979) ("The

work product privilege is perverted if it is used to further illegal activities . . . .").

"[A] party seeking to apply the crime-fraud exception must demonstrate that

there is a reasonable basis to suspect (1) that the privilege holder was committing

or intending to commit a crime or fraud, and (2) that the attorney-client communication or attorney work product was used in furtherance of that alleged crime or fraud." *In re Grand Jury*, 705 F.3d at 155. "The 'reasonable basis' standard is intended to be reasonably demanding; neither speculation nor evidence that shows only a distant likelihood of corruption is enough." *Id.* at 153 (quoting *In re Grand Jury Proceedings*, 417 F.3d 18, 23 (1st Cir. 2005)). "At the same time, the party opposing the privilege is not required to introduce evidence sufficient to support a verdict of crime or fraud or even to show that it is more likely than not that the crime or fraud occurred." *Id.* at 153–54. Nevertheless, "there must be 'prima facie evidence that [the application of the exception] has *some foundation in fact*.'" *Id.* at 151–52 (emphasis added) (quoting *Clark v. United States*, 289 U.S. 1, 15 (1933)). "A 'prima facie showing' requires presentation of 'evidence which, if believed by the fact-finder, would be sufficient to support a finding that the elements of the crime-fraud exception were met.'" *In re Grand Jury Subpoena*, 223 F.3d 213, 217 (3d Cir. 2000) (quoting *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 95–96 (3d Cir. 1992)).

To satisfy its burden of providing a "reasonable basis" to apply the crime-fraud exception, the Government offered three pieces of "evidence" in its brief. First, the Government alleges the purported author of the letter submitted with the

8

MOR Response testified that he neither wrote the letter nor authorized anyone to prepare such a letter. Second, the Government states the MOR Response contained other, unspecified misleading and false statements. Third, the Government asserted that ABC Company hired Law Firm to assist it in preparing the MOR Response. The District Court concluded that those assertions were sufficient to support application of the crime-fraud exception. We disagree.

On this record, the Government's evidence falls short of providing a "reasonable basis" to apply the crime-fraud exception. As noted, a request for the application of the crime-fraud exception must have "some foundation in fact." *In re Grand Jury*, 705 F.3d at 151–52 (quoting *Clark*, 289 U.S. at 15). A "general, unsubstantiated allegation" is not sufficient "to overcome the protection afforded by" the attorney-client or work-product privileges. *In re Grand Jury Investigation*, 599 F.2d 1224, 1232 (3d Cir. 1979). The Government, therefore, may not rely on bare assertions in its brief as "evidence" to apply the crime-fraud exception to ABC Company's privileges asserted over Law Firm's materials. *See In re Grand Jury Subpoena*, 223 F.3d at 217 (application of the crime-fraud exception requires factual finding supported by sufficient "evidence"); *see also In re Grand Jury Subpoena*, 419 F.3d 329, 336 (5th Cir. 2005) ("Allegations in pleadings are not

evidence and are not sufficient to make a prima facie showing that the crime-fraud exception applies.").

Even if unsupported arguments by counsel qualified as "evidence," the Government's assertions have other weaknesses. A vague allegation that the MOR Response contains unspecified false statements fails to meet the "reasonably demanding" evidentiary standard we must apply. *In re Grand Jury*, 705 F.3d at 153. Given the limited record here, we also question whether Law Firm's advice was used in furtherance of submitting the fraudulent letter. The Government submits that, because the allegedly fraudulent letter was attached to the MOR Response and Law Firm assisted in the preparation of the MOR Response, the Law Firm's advice was used in furtherance of the crime or fraud. ABC Company, though, did not send the letter to Law Firm prior to submitting the MOR Response to HUD, and there is no evidence as to how Law Firm assisted ABC Company with the MOR Response. *See In re Grand Jury Subpoena*, 745 F.3d at 693 ("The advice cannot merely relate to the crime or fraud."). Regardless, because we conclude the Government's assertions in its brief fail to provide an adequate factual basis to apply the crime-fraud exception, we need not decide whether those assertions—if properly founded in fact—would support application of the exception.

On remand, the Government should nevertheless have leave to provide a sufficient factual basis to support application of the crime-fraud exception. That evidence may take various forms, including ex parte affidavits, *In re Grand Jury Subpoena*, 223 F.3d at 219, or redacted copies of documents, *In re Grand Jury*, 705 F.3d at 139. It must, though, be more than was presented here. In addition, the Government may request the District Court to perform an *in camera* review of Law Firm's privileged documents upon "a showing of a factual basis adequate to support a good faith belief by a reasonable person that *in camera* review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies." *In re Grand Jury Subpoena*, 745 F.3d at 688 (quoting *Zolin*, 491 U.S. at 572). In short, various methods for providing a factual basis to apply the crime-fraud exception are available if the Government chooses to invoke the exception on remand.

V

For the reasons stated above, we will vacate the District Court's denial of ABC Company's motion to quash and remand for further proceedings consistent with this opinion.